IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

NICOLE GOODWIN,

    Plaintiff,

v.

GOODMAN FROST, PLLC; ROBERT J. GOODMAN; TIMOTHY J. FROST; and ELLA E.M. BROWN CHARITABLE CIRCLE D.B.A. OAKLAND HOSPITAL,

    Defendants.

Case No. 1:26-CV-10

**\*\* ORAL ARGUMENT REQUESTED\*\***

**DEFENDANTS GOODMAN FROST, PLLC'S, ROBERT GOODMAN AND TIMOTHY FROST'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT**

Defendant Goodman Frost, PLLC ("Firm"), Robert Goodman and Timothy Frost (jointly, "Defendants") state as follows for their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support:[1]

**Motion to Dismiss**

1. Plaintiff filed a 347 paragraph complaint, alleging various causes of action arising from an invoice generated from Plaintiff's emergency room visit to Ella E.M. Brown Charitable Circle, d/b/a Oaklawn Hospital ("Oaklawn").

2. Defendants filed a lawsuit to recover the full amount of the debt owed to Oaklawn for the visit ("Debt") in the 10th District Court ("Underlying Case") and, through counsel, Plaintiff agreed to pay a portion of the Debt. *See* Complaint at ¶3, ECF 1, PageID 2.

3. A copy of the judgment entered by the state court is attached as Exhibit A.

---

[1] Each of the Defendants also waives service of process.

4. Despite her agreement to pay a portion of the Debt, Plaintiff contends that Defendants' efforts to collect the Debt violated various subsection of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692, *et al.* and state laws.

5. The gist of Plaintiff's theory is that, under Oaklawn's agreement with Plaintiff's health insurance carrier, Oakland could not sue Plaintiff for payment, if the carrier denied Oaklawn's claim because the claim was not timely submitted. *See* Complaint at ¶¶82 – 84, PageID 14.

6. Plaintiff was advised of her rights under the FDCPA, including her right to dispute any part of the Debt, in writing, and that if she did not do so, Defendants would assume that the Debt was valid. *See* FDCPA Notice of Rights, ECF 1-4, PageID 63.

7. Plaintiff does not allege that she disputed the Debt in writing within 30 days of Defendants' advice of rights, as provided in 15 U.S.C. §1692g(4).

8. Instead, Plaintiff defended the Underlying Case, informing the state court of her theory that she did not owe the Debt because Oaklawn did not submit its claim for reimbursement timely. *See* Plaintiff's pre-trial statement, ECF 1-11, PageID 106. *See* Answer in Underlying Case, attached as Exhibit B; Amended Answer in Underlying Case, attached as Exhibit C.

9. Despite this defense and on the advice of her counsel, Plaintiff proposed to resolve the Underlying Case for $900. *See* ECF 1-1, PageID 58.

10. Defendants, on behalf of Oakland, accepted the offer of judgment and, on December 29, 2025, the state court entered judgment in favor of Oaklawn and against Plaintiff for $900. That judgment has been satisfied. *See* Exhibit A.

11. Plaintiff paid the judgment and filed the instant case.

12. As set forth more fully in the accompanying Brief in Support, Plaintiff's claims fail because (a) the FDCPA claim could have been brought in the state court case and therefore is barred by *red judicata;* and (b) the FDCPA does not bar a debt collector from filing suit to collect a debt that is owed, even if the amount is in dispute.

13. Defendants therefore ask the Court to dismiss the FDCPA claims, with prejudice, and to dismiss the state law claims, without prejudice, under 28 U.S.C. §1367(c).

14. Defendants also move, in the alternative, to dismiss the state law claims because they "involve different statutory schemes and will needlessly add complexity to an already complex case." *Price v. Specialized Solutions Services, LLC,* Case No. 1:20-cv-862, 2021 WL 5924822 (W.D. Mich. April 12, 2021). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co v. Penn Cent. Corp.,* 196 F.3d 617, 620 (6th Cir. 1999). The state law claims outnumber the federal claims and, as in *Price,* raise different statutes and will add complexity to the case.

## Certifications Under Local Rules

15. Pursuant to Local Rule 7.2(b)(ii), the Firm certifies that this motion and accompanying brief consist of 3950 words, as determined by the "word count" function of Microsoft Word.

16. Pursuant to Local Rule 7.1, the Firm sought but did not obtain the concurrence of Plaintiff in the relief sought in this motion.

WHEREFORE, there being no just cause otherwise, Defendants respectfully ask the Court to dismiss Count I of the Complaint, with prejudice and the remaining claims without prejudice.

**Brief in Support**

This Court should dismiss Plaintiff's FDCPA claims for two dispositive reasons: first, the §1692e claims are barred by *res judicata*; and second, Plaintiff cannot state a claim under any subsection of the statute.

Plaintiff seeks to transform an ordinary medical debt collection matter—one that she voluntarily resolved by agreeing to the entry of a money judgment—into a federal case alleging violations of the FDCPA and various state law claims. But Plaintiff's own Complaint establishes that she cannot prevail. Plaintiff admits that she received medical services from Oaklawn Hospital, that a debt existed, and that she voluntarily offered to enter into and pay a judgment to resolve the Underlying Case. Her voluntary agreement to pay $900.00 in full satisfaction of the claims against her in state court fundamentally undermines her theory that Defendants engaged in unlawful debt collection practices.

If Plaintiff believed that Defendants violated the FDCPA by filing suit for more than she actually owed, she could have—and should have—raised that claim in state court. Because Plaintiff has failed to state a claim under the FDCPA, the sole basis for this Court's original jurisdiction must be dismissed. Upon dismissal of the FDCPA claim, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

I.   **STATEMENT OF FACTS**

Plaintiff received emergency medical treatment from Oaklawn Hospital on March 20, 2023. *See* Compl. ¶ 37, PageID 9. Oaklawn Hospital billed Plaintiff $11,974.46 for services rendered. *See* Compl. ¶ 47, PageID 10. Defendants, as counsel for Oaklawn, sent Plaintiff a collection

4

letter on September 13, 2024, identifying itself as a debt collector and providing Plaintiff with the opportunity to dispute the debt.  *See* Compl. ¶¶ 53-54, PageID 11.

Following communications between the parties regarding the debt and Plaintiff's insurance coverage, Plaintiff's insurer, Cigna, denied the claim on the basis that Oaklawn Hospital had failed to timely submit the claim within the contractual deadline. Compl. ¶¶ 82-84, PageID 14. Defendants subsequently filed a collection action on behalf of Oaklawn Hospital in the 10th District Court for Calhoun County, Michigan, seeking to recover the amount owed.  *See* Compl. ¶¶ 110-111, PageID 17.

Plaintiff admits in her Complaint that on December 8, 2025, she voluntarily offered to enter a judgment under Michigan Court Rule 2.405 that required her to pay $900.00 to resolve the claims against her.  *See* Compl. ¶ 3, PageID 2.  Defendants agreed. *See* Compl. ¶ 4, PageID 3. A proposed judgment was filed with the state court on December 23, 2025.  *See* Compl. ¶¶ 5-6, 136, PageID 3, 20.  It was entered by the state court on December 29, 2025.  *See* Exhibit A.

## II.    LEGAL STANDARD

Rule 12(b)(6) authorizes a court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Specifically, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 557 (2007).  The court views the pleading in the light most favorable to the plaintiff, accepting as true all well-pled factual allegations and drawing all reasonable inferences in favor of the plaintiff.  *Gavitt v. Born,* 835 F.3d 623, 639-40 (6th Cir. 2016), cited in *Republican National Committee v. Benson,* 754 F. Supp. 3d 773, 783 – 84 (W.D. Mich 2024).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Determining whether a

complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "*Benson, supra, citing Iqbal* at 679.  A court may consider matters of public record without converting a Rule 12(b)(6) motion to one under Rule 56.  *Bailey v. City of Ann Arbor,* 860 F.3d 382, 386 (6th Cir. 2017). Courts are "not required to accept as true factual allegations that are contradicted by those records." *Clark v. Stone,* 998 F.3d 287, 298 (6th Cir. 2021).

*Res judicata* may be raised as a defense in a pleading challenge under 12(b)(6).  *Smith v. Lerner Sampson & Rothfuss, LLP,* 658 Fed Appx 268, 275 (6th Cir. 2016).  The Full Faith and Credit Act mandates that the "judicial proceedings" of any state court "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."  28. U.S.C. §1738.  This is true even when a state court judgment might "subsequently affect the litigation of exclusively federal claims." *Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 384 (1996).   Put another way, "a state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts."  *Id, citations omitted.*

### III.  PLAINTIFF'S FDCPA CLAIMS ARE BARRED BY *RES JUDICATA.*

When "faced with a state court judgment relating to an exclusively federal claim, a federal court must first look to the law of the rendering State to ascertain the effect of the judgment."  *Matsushita,* 516 U.S. at 375. If a state court judgment would receive preclusive effect in the state in which the judgment was rendered, then the federal court "must give that judgment preclusive effect unless it determines that an exception to §1738 should apply."  *In re*

*Bursack,* 65 F.3d 51, 53 (6th Cir. 1995). Under Michigan law*, res judicata* bars a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121 (2004). Michigan courts apply *res judicata* broadly, "barring not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*

All three elements are satisfied here.

***First***, the state court action was decided on the merits. Under Michigan law, an "accepted, entered and satisfied offer of judgment" is a final judgment on the merits. *Hanley v. Mazda Motor Corp.,* 239 Mich App 596, 602 (2000). Plaintiff may contend that she limited the preclusive effect of the Judgment by saying that it applies only to the asserted claims, but she agreed to a judgment, not a settlement. A judgment is a "judicial act" and not a contract that can be voided when one party fails to act. *Trendell v. Solomon,* 178 Mich App 365, 369 (1989). This is because a judgment under MCR 2.405 it is more like a judgment after a trial than a "form of settlement." *Hanley,* 239 Mich App at 606. And a party cannot place conditions on offers of judgment made under MCR 2.405. *Knue v. Smith,* 478 Mich 88 (2007). Put another away, "It would undermine the function of MCR 2.405 to allow a defendant to offer an entry of judgment by condition such offer on the judgment not having the effect of an ordinary judgment on the merits." *Marilyn Froling Revocable Living Trust v. Bloomfield Hill Country Club,* 283 Mich App 264, 300 (2009). Any effort to limit the preclusive effect of the judgment therefore is void.

***Second***, both actions involve the same parties. Plaintiff Nicole Goodwin was the defendant in the state court collection action and is the plaintiff in this federal action. The

Defendants, as Oaklawn's counsel in the Underlying Case, are in privity with Oaklawn for purposes of *res judicata.*

Privity is broadly defined under Michigan law. *AuSable Trading Post, LLC v. Dovetail Sols, Inc.,* 874 F.3d 271, 274 (2017). Privity is found where the interests of the nonparty are so closely aligned with those of a party in the prior litigation that the party effectively represents the same legal right being asserted in the subsequent case. *Peterson Novelties, Inc. v. City of Berkely,* 259 Mich App 1,13 (2003) (finding privity exists in the principal agent relationship). Because the attorney-client relationship is a "quintessential principal-agent relationship," [*CIR v. Banks*, 543 U.S. 426, 436 (2005)] an attorney who represents a creditor in a debt collection proceeding is in privity with the creditor for purposes of res judicata in a subsequent FDCPA action. *Wallace v. JP Morgan Chase Bank, N.A.*, Case No. 13-13862, 2014 WL 4772029, at *5 (E.D. Mich. Sept. 24, 2014); *Sandlin v. CitiMortgage*, 19-cv-02368, 2021 WL 1581771, at *7 (W.D. Tenn. Mar. 1, 2021). Plaintiff may argue that the concept of privity does not apply in this case, because the judgment provides that it does not bar claims "by or against any non-parties," but that clause is limited by the phrase "as defined under MCR 2.405(B)." *See* Exhibit A. That rule does not contain a definition of "non-party" that would preclude Defendants from asserting privity and as stated above, efforts to limit the preclusive effect of the judgment are void.

***Third***, the claims in this action were, or could have been, resolved in the state court proceeding. 15 U.S.C. §1691l(d). Plaintiff's FDCPA claims concerning the amount of the Debt arise from the same operative facts as the state court collection action—the Debt, Defendants' collection efforts, and the filing of the state court lawsuit. *Forgues v. Select Portfolio Servicing, Inc.,* 690 F. Appx. 896, 900-901 (6th Cir. 2017) (finding Plaintiff's claims under FDCPA barred by res judicata because each claim related to an allegation concerning her mortgage loan in the

8

prior action). Plaintiff raised the very issues she raises here concerning the amount of the Debt in the Underlying Case. *See* Exhibits B and C. Plaintiff had a full and fair opportunity to raise any claims regarding the validity of the Debt, the propriety of the lawsuit, or alleged FDCPA violations as counterclaims in the state court action. Instead of doing so, Plaintiff retained counsel and agreed to the entry of a money judgment against her.

Plaintiff is bound by the consequences of that fully informed decision. She cannot now resurrect claims she could have raised in state court. As the Michigan Supreme Court has held, res judicata bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 121. The judgment represents a final resolution of the dispute, and Plaintiff is precluded from relitigating it in this forum.

### IV. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

*A. The Judgment Confirms that a Valid Debt Existed and was Lawfully Collected*

To establish a prima facie case under the FDCPA, a plaintiff must prove: (1) she is a "consumer" as defined by the Act; (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes; (3) the defendant is a "debt collector" as defined by the Act; and (4) the defendant violated a provision of the FDCPA. *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009).

While Plaintiff's allegations may satisfy the first three elements, she cannot satisfy the fourth. Plaintiff's fundamental premise is that Defendants attempted to collect a debt that was "contractually barred" and "legally unenforceable." However, Plaintiff's own voluntary agreement to enter a judgment in the amount of $900.00 conclusively refutes this theory.

9

Plaintiff cannot credibly claim that the Debt was unenforceable when she voluntarily offered to pay $900.00 to resolve the collection action. The judgment constitutes an acknowledgment that at least some portion of the Debt was valid and owing. By agreeing to the entry of a judgment for $900.00, Plaintiff conceded that she had a legitimate financial obligation arising from the medical services she received.

The FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. However, attempting to collect a valid debt through lawful litigation does not violate these provisions. As the Sixth Circuit has recognized, while the FDCPA "applies to the litigating activities of lawyers," filing a lawsuit to collect a debt that is actually owed is not inherently improper. *Heintz v. Jenkins,* 514 U.S. 291, 295-96 (1995).

### *B. Goodman Frost did not Falsely Represent the Character Amount, or Legal Status of the Debt*

Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that she was legally obligated to pay the alleged balance. However, Plaintiff's own actions establish that she was, in fact, legally obligated to pay at least a portion of the debt. The Sixth Circuit has held that "[a] debt collector violates § 1692e(2)(A) when it attempts to collect sums not legally owed." Here, the judgment demonstrates that the sums sought were, at least in part, legally owed.

Defendants initially sought $11,974.46, and Plaintiff ultimately agreed to the entry of a judgment for $900.00. A judgment for less than the full amount of the Debt does not establish that the original amount sought was "false" or "misleading"—it reflects the ordinary course of

litigation in which parties negotiate and resolve disputes. Any other interpretation would inhibit resolution of consumer debts because any resolution for less than the full amount would give rise to an FDCPA claim.

Plaintiff's core theory is that Oaklawn's contract with Cigna barred Oaklawn from billing her because Oaklawn failed to timely submit the insurance claim. However, this contractual provision between Oaklawn Hospital and Cigna does not, as a matter of law, extinguish any and all liability Plaintiff may have had for services rendered. Plaintiff's admission that she owed at least $900.00 confirms that she had personal financial responsibility for the care she received. Moreover, if Plaintiff's actions—such as failing to provide the correct insurance information upon admission—interfered with Oaklawn's timely submission of a claim, she would be liable for the entire debt. Defendants were entitled to pursue these theories without violating the FDCPA. *Van Hoven v. Buckels & Buckles*, 947 F.3d 889, 895 (6th Cir. 2020).

### *C. Goodman Frost Did Not Threaten or Take Action That Could Not Legally Be Taken*

Plaintiff alleges that Goodman Frost violated 15 U.S.C. § 1692e(5) by threatening and initiating litigation to collect a debt that "could not legally be enforced against Plaintiff." Compl. ¶¶ 146-147. This allegation fails as a matter of law.

The fact that a "lawsuit turns out ultimately to be unsuccessful" does not, "make the bringing of it an 'action that cannot legally be taken.'" *Heintz, supra.* Likewise, a lawyer does not "misrepresent" the facts by making a factual contention later proved wrong." *Van Hoven,* 947 F.3d at 896.

Here, Plaintiff admitted that she owed the Debt when she offered to resolve the Underlying Case by paying Oaklawn $900. She had an attorney and could have moved for summary disposition or even tried the case, if it is factually and legally true that she did not owe

11

the Debt. But she chose to enter a judgment against her for part of the Debt. Filing a lawsuit to collect that debt could not have been, as a matter of law, an action that could not legally been taken.

### *D. Plaintiff's Remaining FDCPA Theories Fail for the Same Reasons*

Plaintiff also alleges violations of 15 U.S.C. § 1692g(b) (failure to cease collection pending verification), 15 U.S.C. § 1692f (unfair or unconscionable means), and 15 U.S.C. § 1692d (harassment or abuse). *See* Compl. ¶¶ 148-159, PageID 24-26.

Plaintiff does not claim that she contested the Debt "in writing," which is a predicate for a claim under §1692g. *See e.g. Bostic v. Michael Andrews & Associates, LLC,* 21-cv-10419, , 2021 WL 4889591 at * 9 (E.D. Mich. October 19, 2021) ("Plaintiff's arguments cannot circumvent this straightforward written notice requirement").

Section 1692d bars a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The Sixth Circuit has held that a debt collector does not "harass" a consumer by filing a debt collection lawsuit, because filing lawsuits is an "authorized means of collecting a debt." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Indeed, "[a]ny attempt to collect a default debt will be unwanted by a debtor but employing the court system in the way alleged ... cannot be said to be an abusive tactic under the FDCPA." *Id.* at 330-31.

Under Section 1692f, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff does not assert that Defendants engaged in any of the specific examples of violative conduct listed in § 1692f and instead relies on the general "unfair or unconscionable means" provision. This claim fails because no reasonable consumer would believe that a debt collector violated the FDCPA by filing a lawsuit that was ultimately

12

resolved through the entry of a judgment. *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007)

### V. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Plaintiff's sole basis for federal subject matter jurisdiction is her FDCPA claim. Compl. ¶ 32. She invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) for her state law claims, including claims under the Michigan Collection Practices Act, abuse of process, silent fraud, civil conspiracy, invasion of privacy, breach of confidential relationship, negligent misrepresentation, and tortious interference. *See* Compl. ¶¶ 33-34, PageID 8. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Upon dismissal of Plaintiff's FDCPA claim, this Court should exercise its discretion to decline supplemental jurisdiction over the remaining state law claims.

The Sixth Circuit has consistently held that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well*." Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). There is a "strong presumption" against retaining supplemental jurisdiction once all federal claims have been dismissed. *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011). As the Sixth Circuit has stated, "residual supplemental jurisdiction should be exercised sparingly, to avoid needless decisions of state law.

### VI. CONCLUSION

Plaintiff had a full and fair opportunity to litigate the validity of the Debt in the Underlying Case. She has an attorney and, presumably on the advice of that attorney, elected to resolve the Underlying Case with a judgment. She cannot attack Defendants' filing of the

13

Underlying Case in a new lawsuit.  The FDCPA simply does not recognize a claim on these facts.  The claims against the Defendants must be dismissed, accordingly.

Respectfully submitted,

Dated: January 30, 2026　　　　　　　　　　　　　　*/s/Kathleen H. Klaus*
　　　　　　　　　　　　　　　　　　　　　　　　　Kathleen H. Klaus (P67207)
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants Goodman Frost PLLC, Timothy J. Frost, Robert J. Goodman
　　　　　　　　　　　　　　　　　　　　　　　　　Maddin, Hauser, Roth & Heller, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　　One Towne Square, Fifth Floor
　　　　　　　　　　　　　　　　　　　　　　　　　Southfield, MI 48076
　　　　　　　　　　　　　　　　　　　　　　　　　(248) 359-7520
　　　　　　　　　　　　　　　　　　　　　　　　　kklaus@maddinhauser.com

## **PROOF OF SERVICE**

The undersigned states that on the January 30, 2026, he served the *Defendants Goodman Frost, PLLC's, Robert Goodman and Timothy Frost's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support* and this Proof of Service on the Clerk of the Court and the attorneys of record by CM/ECF electronic filing system.

I declare the foregoing statement to be true to the best of my information, knowledge and belief.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Almado Doko*
　　　　　　　　　　　　　　　　　　　　　　　　　Almado Doko