# EXHIBIT A

2400226

## STATE OF MICHIGAN
## 10TH DISTRICT COURT

### Case No. 25-05613-GC

**ELLA E.M. BROWN CHARITABLE CIRCLE d/b/a OAKLAWN HOSPITAL,**
**C/O GOODMAN FROST, PLLC**
**Plaintiff,**

**v.**

**NICOLE GOODWIN,**
**Defendant.**

### DEFENDANT'S ANSWER TO COMPLAINT

I, Nicole Goodwin, respectfully submit this Answer to the Complaint filed by Plaintiff Ella E.M. Brown Charitable Circle d/b/a Oaklawn Hospital, represented by Goodman Frost, PLLC. I deny that I owe the amount claimed and assert the following:

1. **Denial of Owed Amount.** I do not agree with the Complaint filed against me. I dispute that I owe $11,974.46 as claimed, as I have maintained valid health insurance coverage through Cigna since 2018, which should have been billed for the services rendered on March 20, 2023.

2. **Failure to Receive Bills Due to Hospital Error.** I never received any bills from Oaklawn Hospital. I later discovered that this was due to Oaklawn using an incomplete address (missing the final digit), which caused me to remain unaware of any outstanding balance until October 2024, when I was first served by Goodman Frost, PLLC.

3. **Good Faith Efforts to Resolve the Matter.** After being served, I immediately contacted Goodman Frost to dispute the claim and communicated with attorney Robert Goodman. Mr. Goodman and I reached an agreement that I would work with my insurance company to resolve the billing issue and, as long as I followed up, legal proceedings would be placed on hold.

4. **Insurance Coverage and Hospital Billing Errors.** I contacted Cigna, which confirmed that they had not been billed for my visit. Oaklawn Hospital had incorrectly billed Blue Cross Blue Shield, an insurance provider I have not used for over five years. Despite repeated attempts by both myself and Cigna to obtain the proper billing codes from Oaklawn, the hospital refused to cooperate or provide the necessary information. As a result, Cigna was unable to process the claim.

5. **Denial of Claim Due to Provider Breach.** Cigna ultimately denied the claim, citing Oaklawn's failure to file the claim within the contractually required timeframe and its breach of contract. Cigna explicitly stated: "Your contract with Cigna does not allow you to bill the patient after the time limit."

6. **Renewed Legal Action Despite Denial.** I was served again on July 19, 2025, for the same disputed amount. I reminded Mr. Goodman of Cigna's denial letter and the breach of contract by Oaklawn. Despite this, I am again being pursued for a debt that should have been covered by my insurance had Oaklawn properly submitted the claim.

7. **Defense.** I should not be held financially responsible for the amount claimed, as the failure to bill my insurance or provide the necessary documentation lies solely with Oaklawn Hospital. I have made all reasonable and good faith efforts to resolve this matter, but I cannot pay $11,974.46 for a billing error that was entirely beyond my control.

## AFFIRMATIVE DEFENSES

Without conceding any liability, I assert the following defenses:

1. **Failure to State a Claim.** Plaintiff's Complaint fails to state a claim upon which relief can be granted because I do not owe the alleged debt due to Plaintiff's own billing errors and breach of its contractual obligations with my insurance provider.

2. **Breach of Contract (Third-Party Beneficiary).** Plaintiff's contract with Cigna prohibits billing the patient after the contractual time limits for claim submission. The plaintiff breached its contract by failing to timely and properly bill my insurance.

3. **Failure to Mitigate Damages.** Plaintiff failed to take reasonable steps to ensure proper billing or to correct their error despite being notified, which directly caused any alleged damages.

4. **Estoppel.** Plaintiff should be estopped from recovering the claimed amount because its own conduct (incorrect billing and refusal to provide billing codes) prevented my insurance from processing the claim.

5. **Lack of Standing.** Plaintiff has no legal right to pursue the claimed amount from me because it was obligated to bill my insurance company and not me, per its agreement with Cigna.

6. **Unclean Hands.** Plaintiff's failure to submit timely and accurate information to my insurer constitutes bad faith and unclean hands, barring them from obtaining the relief requested.

**WHEREFORE**, I respectfully request that the Court:

- Dismiss the Plaintiff's Complaint in full,

- Award costs of this action to the Defendant, and

- Grant any other relief the Court deems just and proper.

Respectfully submitted,

_____

Nicole Goodwin

8631 Gorsline Rd.

Battle Creek, Mi 49014

269-245-1344

Ngoodwin0119@gmail.com

Date:  7/26/2025

