# EXHIBIT B

## STATE OF MICHIGAN

## IN THE 10TH DISTRICT COURT

ELLA E.M. BROWN CHARITABLE
CIRCLE DBA OAKLAWN HOSPITAL,

      Plaintiff,

v.                                              Case No. 25-05613-GC

NICOLE F GOODWIN                                Hon. Michelle L. Richardson

      Defendants.

| GOODMAN FROST, PLLC | LIGHTHOUSE LITIGATION, PLLC |
|---|---|
| Robert J. Goodman (P55670) | Joshua S. Goodrich, J.D., LL.M. (P83197) |
| Timothy J. Frost (P40616) | Attorney for Defendant |
| Attorney for Plaintiff | 5208 W Saginaw Hwy., 81142 |
| PO Box 67 | Lansing, MI 48917 |
| Southfield, MI 48037 | 269-312-7435 |
| 888-593-0088 | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

**NOW COMES** Defendant, Nicole F. Goodwin ("Defendant"), by and through her counsel, Lighthouse Litigation, PLLC, and in response to the Plaintiff's First Amended Complaint, states as follows in accordance with *MCR 2.111(C)-(E)*.

## RESPONSES TO ALLEGATIONS

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Defendant **admits** she resides in the City of Battle Creek, Michigan.

3. Defendant admits that the amount in controversy is less than $25,000 but denies all remaining legal conclusions regarding jurisdiction to the extent a legal response is required.

4.  Defendant incorporates her responses to Paragraphs 1 through 3 as if fully restated herein and denies any allegation inconsistent with those responses.

5.  Defendant admits only that she received medical services from Plaintiff on or about March 20, 2023, but denies that she expressly or impliedly agreed to be personally responsible for all charges rendered or that an enforceable contract exists obligating her to the amount claimed. Defendant further states that any financial responsibility is subject to insurance coverage agreements between Plaintiff and Defendant's insurer Cigna. Defendant states that Plaintiff, as a network provider or participating facility, was required to timely bill her insurer under the applicable health plan provisions and state law.

6.  **Denied.** Defendant states that any alleged nonpayment is the direct and proximate result of Plaintiff's failure to timely file the claim with insurance, not any breach by Defendant. Defendant fulfilled all obligations by maintaining valid insurance.

7.  **Denied.** Defendant denies owing $11,974.46 or any amount because the only reason payment was not made is Plaintiff's billing negligence, not Defendant's conduct.

8.  **Defendant lacks sufficient knowledge or information to admit or deny** the contents of paragraph 8 regarding Plaintiff's collection declaration, same being a statement of intent.

9.  Defendant incorporates her responses to Paragraphs 1 through 8 and denies any allegation inconsistent with them.

10. **Defendant admits that medical services were rendered. Defendant denies all remaining allegations.**

In further answer, Defendant states that any alleged invoices were not properly provided because Plaintiff originally misaddressed the billing statements to "863 Gorsline Rd." instead of Defendant's accurate address, 8631 Gorsline Rd. This error caused substantial

delay in Defendant receiving any billing notices. After eventually receiving a corrected invoice from Plaintiff's counsel, Defendant undertook good-faith efforts to ensure that her insurance carrier, Cigna, processed the claim. Defendant remained in regular communication with Plaintiff's counsel, Mr. Robert Goodman, and agreed to provide bi-weekly updates regarding the status of insurance adjudication. Mr. Goodman expressly agreed that collection proceedings would not move forward so long as Defendant continued providing periodic updates. Defendant complied with this agreement at all times.

11. Defendant denies

In further answer, Defendant states that no account ever became stated because Plaintiff's own errors/negligence prevented any valid or accurate billing from being processed. Defendant timely attempted to resolve the matter through insurance, and Cigna requested additional billing codes from Plaintiff necessary to adjudicate the claim. Despite repeated efforts by Defendant and by Cigna, Plaintiff's billing department refused to communicate, failed to return calls, and would not provide the required billing codes. Defendant was advised that part of the claim may have been mistakenly routed to Blue Cross Blue Shield, further complicating the process. Plaintiff's refusal to cooperate in supplying accurate information prevented insurance coverage from issuing and precluded any agreement on a final account or balance.

12. **Defendant denies**

In further answer, Defendant states that Cigna ultimately denied the claim solely because Plaintiff failed to timely submit and properly code the charges, not due to any action or inaction by Defendant. (See Exhibit 1) Plaintiff's own lack of communication, misaddressing of statements, and failure to provide required billing codes caused the

denial. Defendant expressly denies assenting—either expressly or implicitly—to any balance owed. Because Plaintiff's errors created the alleged balance and because Defendant consistently disputed the amounts once they were received, no mutual assent occurred and no account stated can arise as a matter of law. Plaintiff's failure to submit a timely and accurate claim to insurance voids any right to recover under an account stated theory.

13. Defendant incorporates her responses to Paragraphs 1 through 12 and denies any allegation inconsistent with them.

14. Defendant denies that she agreed to pay Plaintiff $11,974.46 or that this balance represents a reasonable or lawful charge. Defendant's insurer would have paid had Plaintiff not failed to file timely.

15. Denied. Defendant has received no inequitable benefit. Plaintiff's own administrative errors created the alleged balance. Plaintiff cannot claim unjust enrichment when the harm is self-inflicted.

16. Denied. Defendant denies that she has been unjustly enriched. Plaintiff voluntarily provided medical services in the ordinary course of business, expecting payment from insurance or other sources, not directly from Defendant. Defendant has not been enriched in any way; instead Plaintiff seeks to shift the consequences of its own billing failures onto Defendant.

17. Defendant incorporates her responses to Paragraphs 1 through 16 and denies any allegation inconsistent with them.

18. **Denied as stated**. Defendant repeats that any "reliance" claimed by Plaintiff does not justify billing Defendant when the insurer would have paid had Plaintiff timely submitted the claim.

19. **Denied.** Plaintiff is not entitled to any amount under *quantum meruit* because the value of services would have been paid by insurance but for **Plaintiff's untimely billing**. Plaintiff cannot manufacture liability by failing to comply with industry-standard billing deadlines.

## AFFIRMATIVE DEFENSES

1. **Failure to State a Claim (MCR 2.116(C)(8))**: Plaintiff fails to allege the factual and contractual basis necessary to establish liability for medical services allegedly rendered. Plaintiff's own billing failures bar recovery.

2. **Lack of Privity:** Defendant was not a party to any enforceable written contract directly obligating her to pay the total claimed; charges may be governed by Plaintiff's agreements with third-party insurers.

3. **Payment/Setoff/Recoupment**: To the extent payment has been made or credited by insurance or other third parties, Defendant asserts all such payments as a complete or partial satisfaction of the alleged debt.

4. **Unjust Enrichment / *Quantum Meruit* Barred**: Plaintiff may not maintain equitable claims where the dispute arises under an alleged contract or governed payment terms.

5. **Unclean Hands**: Plaintiff seeks to profit from its own procedural failures.

6. **Failure to Mitigate Damages/Avoidable Consequences:** Plaintiff failed to reasonably seek recovery from alternative payors, in violation of the duty to mitigate under Michigan law.

7. **Statute of Frauds:** MCL 566.132(1)(g) – Any alleged oral promise relating to medical treatment payment is unenforceable without a signed writing.

8. **Account Stated Deficiency:** Plaintiff has not met statutory prerequisites under MCL 600.2145, including service of a valid affidavit of account, and Defendant expressly denies assent to any stated balance.

9. **Lack of Consideration:** Defendant maintained valid insurance; Plaintiff's failure to bill cannot be converted into a personal debt.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint with prejudice, award Defendant her costs and attorney fees as allowed by law, and grant such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| | **Respectfully submitted,** |
| Date: December 2, 2025 | /s/ Joshua S. Goodrich, J.D., LL.M. |
| | Joshua S. Goodrich, J.D., LL.M. (P83197) |
| | Lighthouse Litigation PLLC |
| | 52080 W. Saginaw Hwy., 81142 |
| | Lansing, MI 48917 |
| | (269) 312-7435 |
| | jsgoodrich@ligthouse-litigation.com |